IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KWAME TAYLOR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-17-2434 |
| M&T BANK, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Kwame Taylor ("Plaintiff" or "Taylor") filed this action *pro se* against Defendants M&T Bank ("M&T") and Robert G. Wilmers (collectively, "Defendants") relating to M&T's acquisition of his mortgage loan from K Bank. Presently pending before this Court are Defendants' Motion to Dismiss (ECF No. 6) and Plaintiff's Motion to Postpone Proceedings (ECF No. 11). For the reasons set forth in the parties' submissions and briefly summarized herein, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED and Plaintiff's Motion to Postpone Proceedings (ECF No. 11) is DENIED.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) "require that complaints in civil actions be alleged with greater specificity than

1

previously was required." While a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678. Although a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Plaintiff's first claim is that Defendant M&T breached the Purchase and Assumption Agreement (P&A) by which M&T acquired most of K Bank's assets from the Federal Deposit Insurance Corporation (FDIC). (ECF No. 2 at ¶ 29.) Plaintiff asserts that the P&A requires M&T to assume liability for K Bank's fraud-for-profit scheme. (*Id.*) First, Defendant argues that this claim is barred by Maryland's statute of limitations. The statute of limitations for civil actions in Maryland is three years from when the action accrues. *See* Md. Code Ann., Cts & Jud. Proc. § 5-101. An action accrues when a plaintiff discovered, or reasonably should have discovered, the basis for the action. *Master Fin., Inc. v. Crowder,* 409 Md. 51, 61 (2009).

Plaintiff claims he was not "aware" of the fraud-for-profit scheme and the P&A until 2015 and 2017. (ECF No. 10 at 2.) However, the grounds for Petitioner's claim are actions taken by K Bank in 2007 and 2008. (ECF No. 2.) Plaintiff therefore had "knowledge of the legally operative facts permitting the filing of a claim" against K Bank in 2007 and 2008. *Master Finn. Inc.*, 409 Md. at 61. Plaintiff's claim against M&T then accrued in 2010 when M&T notified Plaintiff that it had taken over his loan. As for Plaintiff's claim that the scheme "perpetuated itself every time Defendant accepted a mortgage payment," this Court

2

has previously rejected that argument. *See Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 WL 6163791, at *3 (D. Md. Oct. 19, 2015), *aff'd*, 653 Fed. App'x. 786 (4th Cir. 2016) (Mem) (rejecting the argument that "under the 'continuing transaction' doctrine, [plaintiff's] cause of action . . . renewed with each monthly payment" (citing *Duke St. Ltd. P'ship v. Bd. Of Cnty. Comm'rs of Calvert Cnty.*, 112 Md. Ap. 37 (1996))).

Second, Defendant M&T argues that the P&A does not authorize Plaintiff to bring a claim as a third party. A third party can bring suit to enforce the terms of a contract only if "'the contract was intended for his or her benefit and it clearly appears that the parties intended to recognize him or her as the primary party in interest and as privy to the promise.'" *Cr-RSC Tower I, LLC v. RSC Tower I, LLC*, 429 Md. 387, 457, 56 A.3d 170, 212 (2012) (quoting *120 West Fayette St., LLLP v. Mayor of Baltimore*, 426 Md. 14, 35, 43 A.3d 355, 368 (2012)). In this case, the Shared Loss Agreements within the P&A, which define the rights and responsibilities of the loans conveyed by K Bank to M&T, specifically exclude third party beneficiaries. (ECF No. 6-2 at 84, 144.) Therefore, even if Plaintiff's first claim was not barred by Maryland's statute of limitations, he has no right to enforce the terms of the P&A.

Plaintiff's second claim is that M&T breached his fourth loan modification agreement, for which he was approved, pending a Trial Period Plan (TPP). (ECF No. 2 at ¶¶ 20, 30.) Plaintiff asserts that because he made three required trial payments, M&T could not deny his loan modification application. (*Id.* at 20.) This Court has dismissed such breach of contract actions "when compliance with the TPP [did] not guarantee a permanent loan modification" and all conditions of the TPP were not met. *See White v. JPMorgan Chase Bank,*

3

*N.A.*, No. GLR-12-3591, 2013 WL 3071894, at *3 (D. Md. June 17, 2013); *see also Allen v. CitiMortgage, Inc.*, No. CCB-10-2749, 2011 WL 3425665, at *5 (D. Md. Aug. 4, 2011). Here, the offer letter from M&T clearly states that "[i]n addition [to making timely payments], you must maintain clear title to your property in order to remain eligible for a permanent modification." (Exhibit D, ECF No. 9-1 at 22.) Plaintiff concedes in his Complaint that he did not always have clear title. (ECF No. 2 at ¶ 21.) Therefore, he failed to meet all of the TPP's conditions.

Plaintiff's third claim is that for his seventh loan modification agreement, M&T unjustly increased proposed monthly mortgage payments. (ECF No. 2 at ¶¶ 26, 27, 30.) Aside from generally citing the Fair Housing Act in his Reply to Defendants' Motion to Dismiss, Plaintiff does not offer—and this Court does not find—a cause of action entitling Plaintiff to relief under these facts.

Plaintiff's fourth claim is that M&T misrepresented Plaintiff's property in a 2015 Broker Price Opinion (BPO) in order to obtain a higher short-sale price. (ECF No. 2 at ¶ 32.) The record shows, however, that a third party, "Market to Market.com," conducted the evaluation. (ECF No. 9-1 at 101.) The supplement to the evaluation certifies that the company "verified, from a disinterested source, all information in th[e] report that was provided by parties who had a financial interest in the sale or financing of the subject property" and that it had "no present or prospective interest in the property that is the subject of th[e] report." (*Id.* at 103.) Plaintiff's allegation that M&T Bank "conveniently hir[es] supposedly independent appraisers who only make errors or misrepresentations that benefit their 'customer'" is a conclusory statement unsupported by factual allegations.

Finally, the Complaint does not mention or assert any claims against Defendant Robert G. Wilmers. To the extent that Plaintiff's response to Defendants' Motion to Dismiss claims that, as the CEO of M&T Bank when it acquired K Bank, Wilmers was grossly negligent for "fail[ing] to make provisions for acquired loans," that claim fails.

Accordingly, IT IS HEREBY ORDERED this 25th day of September, 2017, that Defendant's Motion to Dismiss (ECF No. 6) is GRANTED and Plaintiff's Motion to Postpone Proceedings (ECF No. 11) is DENIED; and it is FURTHER HEREBY ORDERED that this Dismissal be WITH PREJUDICE, and the Clerk of this Court is instructed to CLOSE THIS CASE.

__/s/_____

Richard D. Bennett
United States District Judge